UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRYAN PALMER,
                    Plaintiff,

        v.                                        CASE NO. 3:13-cv-226(SRU)

WARDEN SIMPLE, et al.,
                    Defendants.

**RULING AND ORDER**

The plaintiff, currently incarcerated at Garner Correctional Institution in Newtown,

Connecticut, has filed a civil rights complaint *pro se* and *in forma pauperis*.  He names Warden

Simple, Captain Angaloppalis, Lieutenant Morison, Counselor Caldirone, Correctional Treatment

Officer Morrison and Correctional Officer Ostuno as defendants.  The plaintiff has also moved for

summary judgment.

**I.      Motion for Summary Judgment [Doc. No. 7]**

The plaintiff has filed a one-page motion for summary judgment.  He asks the court to grant

the motion as a matter of law and to order the defendants to provide him with the relief he seeks in

his Complaint.

Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be

accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately

numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each

material fact as to which the moving party contends there is no genuine issue to be tried."  Rule

56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific

citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2)

evidence that would be admissible at trial.  The affidavits, deposition testimony, responses to

discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement.  This specific citation requirement applies to *pro se* litigants as well as to attorneys.  Rule 56(a)4 also requires that the movant file a memorandum in support of his motion. The plaintiff has filed neither a memorandum in support of the motion for summary judgment nor a Local Rule 56(a)1 statement.   In addition, the plaintiff has submitted no evidence in support of his motion to demonstrate that there are no issues of material fact in dispute and that he is entitled to judgment as a matter of law.  Accordingly, the motion for summary judgment is denied without prejudice.

## II.     Complaint [Doc. No. 1]

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked

2

assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that in 2013, he submitted an Inmate Request Form regarding an attorney telephone call to each of the following defendants: Captain Angaloppalis, Correctional Treatment Officer Morrison, Counselor Caldirone.  He also filed a Grievance on an Inmate Administrative Remedy Form.  He has not received a response to his requests or grievance.

The plaintiff contends that the State of Connecticut Department of Correction's administrative grievance process is inadequate because it does not require a prison official to indicate in writing that he or she has received an Inmate Request Form from an inmate regarding a prison issue.  The plaintiff suggests that the Department of Correction should implement a new procedure that uses multiple copies or carbon copies of the Inmate Request Form to document receipt of and response to an inmate request.  The plaintiff seeks monetary damages and an order that his suggestions for improving the grievance process be implemented by the Department of Correction.

The plaintiff does not mention Warden Simple, Lieutenant Morison or Correctional Officer Ostuno  in the body of the Complaint.  Thus, the plaintiff has failed to allege that those defendants violated his federally or constitutionally protected rights.  The claims against defendants Simple, Morison and Ostuno are dismissed as lacking an arguable factual or legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that defendants Angaloppalis, Morrison and Caldirone have denied him

access to courts because they failed to respond to his Inmate Request Forms and Grievance relating

to an attorney telephone call.  Attached to the complaint is a declaration by another inmate that he

overheard defendants Angaloppalis, Morrison and Caldirone deny the plaintiff's requests for a legal

telephone call on many occasions.

"It is well established ... that inmate grievances procedures are undertaken voluntarily by the

states, that they are not constitutionally required, and accordingly that a failure to process,

investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional

claim." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 445-46 (W.D.N.Y. 2008) (collecting cases).  Thus,

the alleged failure of defendants Angaloppalis, Morrison and Caldirone to respond to or process the

plaintiff's Inmate Requests or Grievances relating to a legal telephone call did not violate any

constitutionally or federally protected rights of the plaintiff.  *See Holcomb v. Lykens*, 337 F.3d 217,

224 (2d Cir. 2003) ("Although state laws may in certain circumstances create a constitutionally

protected entitlement to substantive liberty interests, state statutes do not create federally protected

due process entitlements to specific state-mandated procedures."); *Pocevic v. Tung*, No.

3:04CV1067 (CFD), 2006 WL 680459, at *8 (D. Conn. Mar. 14, 2006)("court can discern no

federally or constitutionally protected right that was violated by defendant['s] failure to comply with

the institutional procedures regarding the timing of his response to [plaintiff's] level 2 grievance").

Accordingly, the plaintiff's claims against defendants Angaloppalis, Morrison and Caldirone

regarding their lack of response to his Grievances and Inmate Requests are dismissed.  *See* 28

U.S.C. § 1915A(b)(1).

To the extent that the plaintiff alleges that defendants Angaloppalis, Morrison and Caldirone

deprived him of  access to courts because they denied his verbal requests to make legal telephone

calls, the plaintiff has failed to state a claim upon which relief may be granted.  It is well settled that inmates have a First Amendment right of access to the courts.  *See Bounds v. Smith*, 430 U.S. 817, 828  (1977) *(modified on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  To state a claim for denial of access to the courts, plaintiff is required to demonstrate that the defendants acted deliberately and maliciously and that he suffered an actual injury.  *See Lewis*, 518 U.S. at 353.  To establish an actual injury, plaintiff must allege facts showing that the defendants took or were responsible for actions that hindered his efforts to pursue a legal claim, prejudiced one of his existing actions, or otherwise actually interfered with his access to the courts.  *See Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 2002).  For example, plaintiff would have suffered an actual injury if "a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of the deficiencies in the prison's legal assistance facilities, he could not have known," or he was unable to file a complaint alleging actionable harm because the legal assistance program was so inadequate.  *Lewis*, 581 U.S. at 351.

The plaintiff has not asserted specific facts to show that he has been injured or prejudiced by the alleged refusal of defendants Angaloppalis, Morrison and Caldirone to permit him to make legal telephone calls to an attorney.  He does not assert that he was unable to communicate via letter to his attorney or the court.  *See Jermosen v. Coughlin*, 89 Civ. 1866 (RJW), 1995 WL 144155, *5 (S.D.N.Y. Mar. 30, 1995) (noting that "[i]nterferences that merely delay an inmate's ability to . . . communicate with the courts do not violate" the inmate's right of access to the courts); *Bellamy v. McMickens*, 692 F. Supp. 205, 214 (S.D.N.Y.1988) (inmates have no right to unlimited telephone calls and there is no obligation to provide the "best manner of access to counsel"); *Pino v. Dalsheim*, 558 F. Supp. 673, 674-75 (S.D.N.Y.1983) (finding that restrictions on telephone calls

were permitted, because the inmate had unlimited opportunities to communicate with his attorney

by written correspondence and personal visits, even though the attorney's office was located 330

miles from the facility).

Because plaintiff has failed to allege that he suffered an actual injury as a result of

defendants' conduct in prohibiting him from making legal telephone calls in 2013, his access to

courts claim fails to meet the standard set forth in *Lewis*.  The denial of access to the courts claims

against defendants Angaloppalis, Morrison and Caldirone are dismissed pursuant to 28 U.S.C. §

1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)      The Complaint [**Doc. No. 1**] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff's Motion for Summary Judgment [**Doc. No. 7**] is **DENIED**.  The court declines to

exercise supplemental jurisdiction over any state law claims.  If the plaintiff chooses to appeal this

decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good

faith.  *See* 28 U.S.C. § 1915(a)(3)(2000).

(2)  The Clerk is directed to enter judgment for the defendants and close this case.

(3)  The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut

Attorney General and the Department of Correction Legal Affairs Unit and a copy of the Order to

the plaintiff.

SO ORDERED at Bridgeport, Connecticut this 21st day of November 2013.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE